

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-12-00510-CR**

| | | |
|---|---|---|
| David Franklin Ashworth | § | From Criminal District Court No. 4 |
| | § | of Tarrant County (1265594D) |
| v. | § | December 6, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00510-CR

DAVID FRANKLIN ASHWORTH                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On May 3, 2012, as part of a plea-bargain agreement, Appellant David Franklin Ashworth pled guilty to burglary of a building, and the trial court sentenced him to eighteen months' confinement in a state-jail facility. Also on May 3, 2012, the trial court certified that this is a plea-bargain case and that Appellant has no right of appeal.

---

[1]*See* Tex. R. App. P. 47.4.

Despite the trial court's certification, Appellant filed a pro se notice of appeal on October 12, 2012. On October 31, 2012, we notified Appellant's counsel and Appellant that the trial court's certification indicating that Appellant had no right of appeal had been filed in this court and that this appeal could be dismissed unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before November 12, 2012. *See* Tex. R. App. P. 25.2(d), 44.3. To date, we have received no response.

Rule 25.2(a)(2) limits the right of appeal in a plea-bargain case to matters that were raised by written motion filed and ruled on before trial or to cases in which the appellant obtained the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). The trial court's certification shows that Appellant did not obtain the trial court's permission to appeal, and Appellant does not challenge a pretrial ruling on a written motion or the validity of his waiver of the right to appeal such a motion, which the record shows he waived as part of the plea-bargain agreement. Accordingly, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 6, 2012

3